# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# CIVIL DIVISION

| | | |
|---|---|---|
| Doug Pham | ) | |
| 22213 Great Trail Terrace | ) | |
| Sterling, MD 20164 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| The United States of America | ) | |
| | ) | |
| **Serve:** | ) | |
| Jessie K. Liu | ) | |
| United States Attorney for the | ) | |
| District of Columbia | ) | |
| 555 4th Street, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| Civil Process Clerk | ) | |
| United States Attorney's Office | ) | |
| 555 4th Street, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| William Barr | ) | |
| United States Attorney General | ) | |
| United States Department of Justice | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| The United States Secret Service | ) | |
| 245 Murray Lane, SW | ) | |
| Building T-5 | ) | |
| Washington, DC 20223 | ) | |
| | ) | |
| **Serve:** | ) | |
| James M. Murray | ) | |
| United States Secret Service | ) | |
| Director | ) | |
| 245 Murray Lane, SW | ) | |
| Building T-5 | ) | |
| Washington, DC 20223 | ) | |

1

|  |  |
|---|---|
| Donna L. Cahill | ) |
| United States Secret Service | ) |
| Office of the Chief Counsel | ) |
| 245 Murray Lane, SW | ) |
| Building T-5 | ) |
| Washington, DC 20223 | ) |
|  | ) |
| and | ) |
|  | ) |
| Kevin Philip Plourde | ) |
| 25643 America Square | ) |
| South Riding, VA 20152 | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## COMPLAINT & JURY DEMAND

COMES NOW Plaintiff Doug Pham, by and through his attorneys, John J. Yannone, Esq., Arren T. Waldrep, Esq., and PRICE BENOWITZ, LLP, and hereby files this Complaint against the above-named Defendants, and for reason states as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff Doug Pham ("Pham") was a citizen of the United States of America and an adult resident and domiciliary of the Commonwealth of Virginia, residing at 22213 Great Trail Terrace, Sterling, VA 20164.

2. At all times relevant hereto and upon information and belief, Defendant Kevin Philip Plourde ("Plourde") was a citizen of the United States of America and an adult resident and domiciliary of the Commonwealth of Virginia, residing at 25643 America Square, South Riding, VA 20152. Further, Defendant Plourde, at all times hereinafter mentioned, was an employee of the United States of America, through its agency the United States Secret Service.

2

3. At all times relevant hereto, Defendant the United States Secret Service ("USSS"), an agency of the United States of America, has a business address of 245 Murray Lane, SW, Building T-5, Washington, DC 20530.

## JURISDICTION AND VENUE

4. This action arises out of an automobile collision that took place on April 3, 2018, in which Defendant Plourde, an employee of the United States Secret Service, while in the course and scope of his employment, struck the Plaintiff's automobile with a United States Secret Service vehicle.

5. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and pursuant to 28 U.S.C. § 1322(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this is a tort claim against the United States arising under 28 U.S.C. § 1346(b), and all of the events or omissions giving rise to this claim occurred in this District.

7. At all times relevant hereto, the United States of America acting through the United States Secret Service was a "Federal Agency" within the meaning of 28 U.S.C. § 2671.

8. Plaintiffs have complied timely with 28 U.S.C. § 2401(b) by providing notice of their claim on or about November 6, 2019, via Standard Form 95 to the United States Secret Service regarding their injuries and damages which were tortuously caused by the Defendants.

10. The instant suit is timely filed under 28 U.S.C. §§ 2401(b), 2675(a).

## FACTS COMMON TO ALL COUNTS

11. On or about April 3, 2018 at approximately 4:30 p.m., Plaintiff Pham was travelling southbound on I-395, at or near the 14th Street Bridge, Washington, DC, stopped for traffic.

12. At approximately the same time and place on the aforementioned date, Defendant Plourde was operating a 2005 Jeep, owned by Defendants the United States of America and the

3

United States Secret Service, travelling southbound on I-395, at or near the 14th Street Bridge, directly behind the Plaintiff.

13. Suddenly and without warning, Defendant Plourde failed to pay full time and attention, failed to yield the right of way, failed to obey a traffic control device, failed to control the speed of his USSS vehicle to avoid a collision, lost control of his USSS vehicle, and violently struck the rear of Plaintiff's vehicle as he was lawfully stopped for traffic, causing significant injury to his person.

14. At all times relevant hereto, Defendant Plourde operated the USSS vehicle in a dangerous and unsafe manner, failed to pay full time and attention, failed to yield the right of way, failed to obey a traffic control device, failed to control the speed of the USSS vehicle on a highway to avoid collision, failed to properly and timely bring the USSS vehicle to a stop to avoid a collision, was driving the USSS vehicle in a careless and imprudent manner endangering property, life, and person, and suddenly and without warning, caused collision to Plaintiff's vehicle.

15. As a result of impact from the collision, Plaintiff was thrown about the interior of his vehicle, causing him immediate, severe, permanent and significant injuries, including, but not limited to, his head, neck, back, chest and shoulders.

16. Plaintiff did not cause or contribute to the subject collision.

17. At all times relevant hereto, Defendant Plourde was the actual and/or apparent agent of Defendant the United States Secret Service, and was acting on behalf of, and for the benefit of, Defendant the United States Secret Service.

18. At all times relevant hereto, Defendant Plourde was the actual and/or apparent agent of Defendant the United States of America, and was acting on behalf of, and for the benefit of, Defendant the United States of America.

## COUNT I: Negligence
### (Defendant Kevin P. Plourde)

19. Plaintiff re-alleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 18 above as if more fully set forth herein, and further alleges:

20. At all times relevant hereto, Defendant Plourde had a duty to act reasonably and to use due care while operating the USSS vehicle.

21. In particular, Defendant Plourde had a duty to, *inter alia*, pay full time and attention, maintain proper and adequate control of the USSS vehicle, stop in time to avoid a collision, obey the instructions of all traffic control devices, and obey the laws and rules of the District of Columbia.

22. Defendant breached that duty of care, and the above-mentioned collision was caused by the recklessness, carelessness, and/or negligence of Defendant Plourde, in that Defendant, among other acts and omissions:

   a. Caused collision to Plaintiff's vehicle;

   b. Failed to stop in time in order to avoid a collision;

   c. Failed to exercise reasonable due care and precaution in the operation of his motor vehicle under the circumstances then and there existing;

   d. Failed to lawfully obey the instructions of all traffic control devices;

   e. Failed to see what there was to be seen;

   f. Failed to reduce the speed of the vehicle he was operating in time to avoid a collision with Plaintiff's vehicle;

   g. Failed to use due care and precaution and to maintain adequate control of his vehicle;

   h. Failed to yield the right of way;

   i. Failed to obey the laws and statutes of the District of Columbia; and

5

          j.   Was otherwise negligent, in other respects not now known to Plaintiff but which may become known prior to and/or at the time of trial.

23. A reasonably prudent person in Defendant's position would not have struck Plaintiff's vehicle.

24. As a direct and proximate result of Defendant Plourde's negligent conduct in the operation of the USSS vehicle, Plaintiff sustained severe, significant and permanent injuries.

25. As a direct and proximate result of the negligence and carelessness of Defendant Plourde, Plaintiff has suffered, and will continue to suffer: severe and permanent physical injuries; great physical pain; severe, substantial and permanent emotional distress and mental anguish; and a diminished capacity for the enjoyment of life.

26. As a direct and proximate result of the negligence and carelessness of Defendant Plourde, Plaintiff has undergone and will continue to undergo substantial medical treatment, and has incurred and will continue to incur: substantial medical costs and related expenses to alleviate his injuries, pain and suffering; lost earnings; lost employment opportunities; loss of time and enjoyment from his customary leisure, and recreational activities; an impairment of his customary normal activities of daily living, employment, leisure, and recreational activities; and otherwise was hurt, injured and caused to sustain losses.

27. All of Plaintiff's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Plourde and were incurred without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff Doug Pham demands a jury trial, judgment from and against Defendant Kevin P. Plourde, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing

medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT II: *Respondeat Superior*
### (Defendants USA and USSS)

28. Plaintiff re-alleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 27 above as if more fully set forth herein, and further alleges:

29. Upon information and belief, at all times relevant hereto, Defendants USA and USSS were the owner of the USSS vehicle operated by Defendant Plourde on the aforementioned date and time.

30. Upon information and belief, Defendants USA and USSS gave express permission to Defendant Plourde to operate, use, and control the motor vehicle described above on April 3, 2018.

31. Upon information and belief, and at all times relevant hereto, including April 3, 2018 Defendant Plourde was acting as the agent, servant, and/or employee of Defendants USA and USSS. Additionally, Defendant Plourde was operating the motor vehicle pursuant to Defendants USA and USSS' order and/or direction. Further, Defendant Plourde was carrying out the affairs for the benefit of Defendants USA and USSS.

32. As the principals for Defendant Plourde, Defendants USA and USSS are responsible for all of the acts and/or omissions committed by Defendant Plourde, who was Defendants USA and/or USSS' actual and/or apparent agent, servant, employee, and/or independent contractor acting within the course and scope of his actual and/or apparent agency and/or employment under the doctrine of vicarious liability and/or *respondeat superior*.

33. As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendant Plourde, Plaintiff Pham has suffered and will continue to suffer severe, debilitating, and permanent physical and emotional injuries and a diminished capacity for the enjoyment of life.

34. As a further result of the negligence and carelessness of Defendant Plourde, Plaintiff Pham has incurred substantial medical and related expenses to alleviate his injuries, pain and suffering, lost employment opportunity, lost wages, loss of time and enjoyment from his customary leisure and recreational activities, and impairment of his customary leisure and recreational activities.

35. All of Plaintiff Pham's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Plourde and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Pham and without an opportunity for Plaintiff Pham to avoid the collision.

WHEREFORE, Plaintiff Doug Pham demands a jury trial, judgment from and against Defendants United States of America and United States Secret Service, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,

**PRICE BENOWITZ, LLP**


By: */s/ John J. Yannone*_____
John J. Yannone, Esq. (DC Bar #452458)
Arren Waldrep, Esq. (DC Bar #999861)
409 7th Street, NW, Suite 200
Washington, D.C. 20004
John@pricebenowitzlaw.com
Arren@pricebenowitzlaw.com
Tel: (202) 417-6000
Fax: (301) 244-6659
*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

*/s/ John J. Yannone*_____
John J. Yannone, Esq.